**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.  2:23cr99-MHT-CWB |
| | ) | (WO) |
| LAVONTE CARDELL CONN | ) | |

**ORDER ON ARRAIGNMENT**

On March 21, 2023, the defendant (Lavonte Cardell Conn) appeared in person and in open court with counsel (Andrew M. Skier) and was arraigned in accordance with the provisions of Rule 10 of the Federal Rules of Criminal Procedure.

**PLEA.**  The defendant entered a plea of **NOT GUILTY**.  Counsel for the defendant is requested to contact the United States Attorney immediately if the defendant intends to engage in plea negotiations.  If the defendant decides to change his plea, the parties shall file a notice of intent to plead guilty or otherwise notify the clerk's office at or before the pretrial conference such that this case will be set on a plea docket.

**PRELIMINARY SENTENCING GUIDELINES INFORMATION.**  The court no longer requires the United States Probation Office to provide preliminary sentencing guideline information to defendants.  However, in difficult or complex cases, defendants may request the United States Probation Office to provide Sentencing Guideline calculation assistance with the understanding that any estimate is tentative only and is not binding on the United States Probation Office, the parties, or the court. The court expects that requests for Sentencing Guideline calculation assistance shall be the exception and that defendants will not make such requests as a matter of routine.  A request for Sentencing Guideline calculation assistance shall be made in writing to the supervisor of the Presentence Investigation Unit of the United States Probation Office not later than ten days from the date of this Order.  The calculation shall be completed not later than one week before the pretrial conference.

**PRETRIAL CONFERENCE.**  An initial pretrial conference is hereby scheduled for **4:00 p.m. on May 10, 2023 before United States Magistrate Judge Chad W. Bryan by video conference**.  **Not later than three days prior to the date of the pretrial conference, counsel shall confer about the issues and matters to be discussed at the pretrial conference as set forth in this Order.**  Any counsel who wants an in-custody defendant to attend must notify the Magistrate Judge not later than three days prior to the conference so that an order to produce can be issued to the United States Marshal.

At the pretrial conference defense counsel and counsel for the government shall be fully prepared to discuss all pending motions, the status of discovery, possible stipulations, and the estimated length of the trial.  Defense counsel and counsel for the government shall be fully prepared to provide a definite commitment as to the final disposition of this case—by trial, plea,

or other non-trial disposition.  If resolution of a dispositive motion will affect the nature of this commitment, counsel must be fully prepared to discuss such impact with the court.  Any notice of intent to enter a plea should be filed at or before the pretrial conference.  If additional time is needed for plea negotiations, counsel should be prepared to inform the court as to the date when negotiations will be completed.

**TRIAL**.  At arraignment, the parties agreed that due to the nature of this case and the need for counsel to have adequate time for trial preparation, trial should be set before **United States District Judge Myron H. Thompson** on the trial term beginning **June 5, 2023,** at **10:00 a.m**., in Montgomery, Alabama, unless otherwise ordered by the court.

In setting this case for trial on the term indicated above, the court recognizes that the Speedy Trial Act places limits on the court's discretion, and that under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1).  In determining whether a case should be set after the expiration of the 70-day period, a court must consider among other factors "[w]hether the failure to [set the case at a later date] ... would be likely to ... result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(I). The court also must consider "whether the failure to grant such a continuance ... would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).  Based upon the nature of this case and the stipulation that the parties are awaiting toxicology results from the DEA, the court finds that the ends of justice served by setting this case on referenced trial term outweigh the interests of the public and the defendant in a speedy trial.

**PRETRIAL MOTIONS.**  All pretrial motions under Fed.R.Crim.P. 12(b) and (d), 14 and 16, all notices under Fed.R.Crim.P. 12.1, 12.2 and 12.3, and any motion to compel pursuant to **M.D. Ala. LCrR 16.1 Criminal Discovery** (a copy of this Rule may be found at http://www.almd.uscourts.gov/forms/almd-local-rules) must be filed no later than **TWO DAYS BEFORE THE FIRST PRETRIAL CONFERENCE HELD IN THIS CASE, except that if the pretrial conference falls on Monday, the deadline for filing pretrial motions is always the preceding Wednesday.**  No motion filed after said date will be considered unless filed with leave of court.  A continuance of the pretrial conference or trial does not extend the motions deadline. **THE CONFERENCING REQUIREMENT SET FORTH IN M.D. Ala. LCrR 16.1(C) CRIMINAL DISCOVERY SHALL BE MET BEFORE THE COURT WILL CONSIDER ANY DISCOVERY MOTION. THE COURT WILL DENY MOTIONS TO ADOPT MOTIONS FILED BY OTHER DEFENDANTS.**

Motions to suppress must allege specific facts that, if proven, would provide a basis of relief.  The court will summarily dismiss suppression motions that are supported only by general or conclusory assertions founded on mere suspicion or conjecture.  **All grounds upon which the defendant relies must be specifically stated in the motion in separately numbered paragraphs in a section of the motion labeled "Issues Presented."  Grounds not stated in the "Issues Presented" section of the motion will be deemed to have been waived.**  *See generally United States v. Richardson*, 764 F.2d 1514, 1526-27 (11th Cir. 1985).

The government shall file a response to **all** motions filed by the defendant **on or before five days prior to the date set for a hearing on the motion or, if no hearing is necessary, on or before ten days after the date of the pretrial conference.**

**DISCOVERY.** All discovery in this case shall be conducted according to the requirements of **M.D. Ala. LCrR 16.1 Criminal Discovery.** Unless the government provided initial disclosures to the defendant prior to or at arraignment, the government tendered initial disclosures to the defendant on or before March 21, 2023. Disclosures by the defendant, as required by **M.D. Ala. LCrR 16.1(a)(4)** shall be provided on or before March 28, 2023.

**JENCKS ACT STATEMENTS.** The government agrees to provide defense counsel with all Jencks Act statements no later than the day scheduled for the commencement of the trial.[1]

**MANDATORY APPEARANCE OF COUNSEL.** All counsel of record are **ORDERED** to appear at all future court proceedings in this case. Counsel who find it impossible to be in attendance (especially at the pretrial conference, jury selection, or trial) must make arrangements to have substitute counsel appear on behalf of their client(s). However, any counsel who wishes to have substitute counsel appear must obtain permission of the court in advance, and any counsel who appears as substitute counsel for a defendant shall have full authorization from the defendant to act on his or her behalf and be fully prepared to proceed. Substitute counsel shall not be counsel for a co-defendant unless permitted by the court after proper motion.

**NOTE: Except in extraordinary circumstances or circumstances in which the Constitution would require it, the court will not entertain motions to withdraw filed by counsel who appear at arraignment unless the motions are filed within fourteen days of the date of this Order. Failure to obtain fees from a client is not an extraordinary circumstance.**

**DONE** this the 24th day of March 2023.

_____
CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In certain complex cases, the government may agree to earlier production.