IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )    CRIMINAL ACTION NO.
      v.                      )       2:23cr99-MHT
                              )          (WO)
LAVONTE CARDELL CONN          )
```

OPINION AND ORDER

Defendant Lavonte Cardell Conn was charged in a four-count indictment with two counts of possessing an illicit substance in violation of 21 U.S.C. § 841(a)(1) and two counts of unlawfully possessing a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 922(g)(1).

The question before the court is whether Conn has the mental capacity to stand trial, that is, whether he has a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense. *See* 18 U.S.C. § 4241(a). This court ordered a competency evaluation after defense counsel

represented that Conn had recently attempted suicide. *See* Order (Doc. 32); Motion for Evaluation (Doc. 27). Conn appeared in person at a competency hearing on August 29, 2023.

The competency evaluation was performed by Dr. McLendon W. Garrett on August 1, 2023, and August 2, 2023. Her written report was filed under seal with the court. *See* Psych. Report (Doc. 50-1). She found "no reliable evidence that Mr. Conn lacks the capacity to consult with his lawyer with a reasonable degree of rational understanding or that he genuinely lacks a rational or factual understanding of the proceedings against him." *Id.* at 12.

During Dr. Garrett's assessment, Conn appeared to exhibit "significant cognitive deficits" and reported experiencing "significant psychological symptoms," such as auditory and visual hallucinations. *Id.* at 9. However, Dr. Garrett observed several indicators that Conn was malingering. Conn refused to answer questions

2

about the symptoms he described, and Conn's significant other could not corroborate that he ever experienced those symptoms during their relationship. To the contrary, Conn's significant other described him as "very smart" and "really fast." *Id.* at 6. Conn also "endorsed nearly every symptom" on the Miller Forensic Assessment of Systems Test, which is designed to detect when someone is feigning a psychiatric illness. *Id.* at 10.

To the extent Conn was genuine during the evaluation, Dr. Garrett found "no evidence that any mental symptoms or cognitive deficits impaired his understanding of the case against him." *Id.* at 12. Conn did not express any "irrational or delusional thoughts" that would compromise his ability to consult with his counsel and participate in his defense. When asked about the legal proceedings, Conn could describe the charges against him and "put forth potential defenses to the allegations." *Id.* at 11. He "did not

3

exhibit any signs of confusion about the case" and expressed a "willing[ness] to consider counsel's legal advice." *Id.* at 10.

All parties agreed to rely on Dr. Garrett's findings.

Therefore, based on the contents of an in-person hearing in August 2023 and Dr. Garrett's psychological report, the court concludes, after an independent evaluation of the evidence, that pursuant to 18 U.S.C. § 4241(a), Conn does not currently have a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, it is ORDERED that defendant Lavonte Cardell Conn is declared mentally competent to stand trial in this case.

DONE, this the 29th day of August, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

4